UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

LEONARD WASHINGTON,

                        Plaintiff,

      v.

HEALTHFIRST, INC.;  and
HF MANAGEMENT SERVICES, LLC,

                     Defendants.

--------------------------------------------------------x

Index No. 06 Civ. 9929 (DAB) (DE)
**ECF CASE**

**COMPLAINT**

JURY TRIAL DEMANDED

       Plaintiff LEONARD WASHINGTON, by and through his counsel, Daniel S. Braverman,

Esq., of  the Law Offices Of Daniel S. Braverman, complaining of the Defendants

HEALTHFIRST, INC.;  and HF MANAGEMENT SERVICES, LLC, alleges:

## INTRODUCTION

      1.     This is an action for the recovery of damages caused by unlawful discrimination,

including without limitation, hostile work environment, disparate treatment and discriminatory

termination, retaliatory discharge and retaliatory refusal to rehire, on the basis of race and color

in a place of employment.  This action is authorized by Title VII of the Civil Rights Act of 1964,

as amended, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), the Executive Law of the State of New

York, as amended, Executive Law §§ 290 *et.seq.* (the "NYS Human Rights Law"), the

Administrative Code of the City of New York §§ 8-107 *et seq.* (the "New York City Human

Rights Law"), and 42 U.S.C. § 1981 ("Section 1981").

## JURISDICTION

      2.     The jurisdiction of the Court over this controversy is based upon 28 U.S.C. §§

1331 and 1343.

## SUPPLEMENTAL JURISDICTION

3.      It is respectfully requested that the Court assume supplemental jurisdiction over claims alleged to be in violation of the NYS Human Rights Law and the New York City Human Rights Law that are so related to Plaintiff's Title VII and Section 1981 claims as to form part of the same case or controversy under Article III of the United States Constitution.

4.      The assumption of supplemental jurisdiction by the Court is authorized by 28 U.S.C. § 1367.

## VENUE

5.      The venue of this action is properly placed in the Southern District of New York pursuant to 28 U.S.C. §§ 1391, as it is a judicial district in which a substantial part of the events or omissions giving rise to the claim(s) occurred and it is the place where Defendants are located and conduct business.

## PARTIES

6.      Leonard Washington ("Plaintiff") is a Black, African American male who resides at 2595 Third Avenue, Apartment #4A, Bronx, New York 10451.

7.      Defendant Healthfirst, Inc. is located at 25 Broadway, 9th Floor, New York, NY 10004, and is a business entity licensed to do business in the State of New York.

8.      Defendant HF Management Services, LLC is located at 25 Broadway, 9th Floor, New York, NY 10004, and is a business entity licensed to do business in the State of New York.

9.      Defendants Healthfirst, Inc. ("HI") and HF Management Services, LLC ("HFM") are collectively referred to herein as "Healthfirst" or "Defendant."

10.     HI is "an employer" within the meaning of Title VII, as it is engaged in an industry affecting commerce and has had fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

11.     HFM is "an employer" within the meaning of Title VII, as it is engaged in an industry affecting commerce and has had fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

**FACTS**

13.     Plaintiff is a Black, African American adult male.

14.     At all relevant times herein, Plaintiff resided at 2595 Third Avenue, Apartment #4A, Bronx, New York 10451.

15.     HI and HFM are engaged in the business of selling managed care health insurance programs.  Defendants' products are sold through sales and marketing representatives, each of whom is assigned to a particular territory.  Many locations are based out of Mobile Vans.

16.     Plaintiff began his employment with Healthfirst on July 12, 2004, as a Mobile Van Driver ("RV").  Plaintiff's duties included among other things, picking up, driving, fueling and stocking the RV for Healthfirst.

17.     Throughout his employment with Healthfirst, Plaintiff was supervised by Henry Lima, Assistant Fleet Manager, who is Hispanic. Mr. Lima exercised control over the terms and conditions of the Plaintiff's employment and served as an agent for Healthfirst.  Mr. Lima, in turn reported to Anthony Rushing, Fleet Manager, who is Black.  Mr. Rushing reported to successively higher managers, including Vice President of Corporate Services, Craig Hauben and the Assistant Director–Sales Operations, Robert Wallak.

18.     Commencing almost immediately after he was hired, and continuing through his termination, Plaintiff was subjected to a campaign of unlawful discrimination based on his race and color by Healthfirst and his direct supervisor Mr. Lima.

19.     Specifically, and by way of examples only, Mr. Lima repeatedly informed Plaintiff that he did not like to work with "you people" referring to African Americans and/or Blacks, Plaintiff's race and color.  Mr. Lima also engaged in other unlawful, racially derogatory comments and severe and pervasive harassment against Plaintiff.

20.     Upon information and belief, other former and/or current employees, and management personnel of Healthfirst knew of Mr. Lima's desire to avoid and not work with Black people, and his unlawful mistreatment of Black people; Mr. Lima also informed others, including without limitation other supervisory employees, that he did not want to work with Black people.

21.     Mr. Lima treated Plaintiff disrespectfully and degradingly and ridiculed him because of his race and color throughout his employment with Healthfirst.  Mr. Lima also held the fear of immediate termination over Plaintiff's head at all times to keep Plaintiff in fear of Mr. Lima and to allow Mr. Lima and Healthfirst to discriminate against Plaintiff because of Plaintiff's race and color.

22.     Mr. Lima also "set up" Plaintiff to fail at work and to make it look like Plaintiff was not performing his duties in a satisfactory manner, all because of Plaintiff's race and color.

23.     Mr. Lima and Healthfirst also treated Plaintiff and other Black employees less favorably because of their race and color by not providing equivalent terms, conditions and opportunities of employment, including without limitation, overtime assignments, certain work schedules and allowing Black employees to suffer unlawful discrimination.

24.     Nevertheless, Plaintiff performed his duties satisfactorily at all times during his employment with Healthfirst.

25.     Plaintiff received no written warnings during his employment.  Plaintiff also received no verbal warnings during his employment.

26.     Healthfirst and Mr. Lima fabricated alleged performance problems concerning Plaintiff in an effort to get Plaintiff fired because of his race and color.

27.     Upon information and belief, Mr. Lima also enlisted the help of others in his efforts to get Plaintiff fired because of Plaintiff's race and color, including Healthfirst management and/or other Healthfirst personnel.

28.     During his employment, and because of the discriminatory hostile work environment and disparate discriminatory treatment Plaintiff was subjected to, Plaintiff complained repeatedly about Mr. Lima's unlawful race and color discrimination to a number of Healthfirst management employees in a desperate effort to have the discrimination cease. Healthfirst refused to take any corrective action or conduct any investigation in abdication of their legal responsibilities.

29.     In October 2004, Plaintiff was not paid overtime for hours he performed.  Plaintiff complained to management, including Mr. Lima that he needed the money to support his family, and to pay for company expenses that he was being forced to pay or lose his job.  Mr. Lima ridiculed Plaintiff again and threatened to fire him because of his race and color.

30.     In October 2004, Plaintiff continued to complain about race discrimination to Healthfirst management, including the suffering he was forced to continue to endure as a result of Mr. Lima's discriminatory conduct.  Plaintiff also prepared a written memorandum about certain recent improper and discriminatory treatment by Mr. Lima with respect to the overtime

Plaintiff was not paid, which Plaintiff forwarded to Mr. Lima's manager.  Mr. Lima was allowed

to continue supervising Plaintiff without any repercussions from Healthfirst.  Again, no

investigation was conducted and no corrective action was taken, in contravention to Healthfirst's

legal responsibilities.

31.     On October 25, 2004, Healthfirst held a meeting for certain employees including

Mobile Van Drivers.  Despite informing others, Mr. Lima and Healthfirst did not tell Plaintiff

about the meeting in an effort to have Plaintiff not attend the meeting in order to later claim that

Plaintiff had failed to report to the meeting.  This was done to serve as an excuse for Mr. Lima to

fire Plaintiff because of his race and color and in retaliation for Plaintiff's discrimination

complaints.

32.     Plaintiff was at work on October 25, and performing his duties.  Plaintiff called

Mr. Lima to discuss business matters and was then first informed about the meeting.

33.     Subsequent to the meeting, Healthfirst fired Plaintiff on November 5, 2004

claiming that Plaintiff had failed to report to the October 25 meeting.

34.     Upon information and belief Healthfirst knew that Plaintiff had not known about

the meeting and that there had never been a formal announcement, yet it still fired him in

retaliation for his complaints of race and color discrimination and also because of his race and

color.

35.     Prior to terminating Plaintiff, Healthfirst management also discussed Plaintiff's

termination, including in e-mail exchanges.  Healthfirst's Human Resources Director, Magnada

Dory, and/or Healthfirst's Vice President of Human Resources, Andrea Forino, confirmed in

writing to other Healthfirst managers that Plaintiff should not be fired because he had not

engaged in conduct warranting discharge from Healthfirst, and that his termination would be a

"surprise" to him.  Nevertheless, Healthfirst still fired Plaintiff for unlawful discriminatory and retaliatory reasons.

36.     Prior to terminating Plaintiff, Mr. Hauben, who was responsible for overseeing the Sales Department where Plaintiff worked, and who was a successively higher supervisor to Mr. Lima and Plaintiff, also confirmed in writing that Plaintiff's termination contravened Healthfirst's policies, which included without limitation, a progressive disciplinary procedure to be followed before an employee is terminated.  Nevertheless, Healthfirst still fired Plaintiff knowing its policy was being violated and disregarded.

37.     Healthfirst's Employee Handbook sets forth the "normal" procedure to be followed for discipline and termination of employees, including a 4-step disciplinary process of verbal and written warnings before termination.  Plaintiff received no verbal or written warnings from Mr. Lima or anyone else during his entire period of employment from Healthfirst.  Nevertheless, Healthfirst still fired Plaintiff despite its policy against doing so.

38.     In addition, and upon information and belief, in an effort to fabricate and create some written documentation which Healthfirst could use to support Plaintiff's discharge, Mr. Lima also was told to quickly create a written list of alleged bases for terminating Plaintiff on the day Plaintiff was to be terminated.

39.     Prior to terminating Plaintiff, Healthfirst had learned that Mr. Lima had engaged in race and other unlawful discrimination against Blacks employees (in or about February 2004), based on complaints from numerous other Mobile Van Drivers, who also were supervised by Mr. Lima.  Healthfirst performed no investigation of such allegations then and failed to perform any investigation before terminating Plaintiff. Instead, Healthfirst allowed unlawful discriminatory treatment of Black employees to continue and did not take any action to address or remedy the

7

situation.  In short, as was the case with Plaintiff's allegations of discrimination and retaliation, Healthfirst abdicated their duty to investigate the February 2004 complaints of racial discrimination by other Healthfirst employees.

40.     Shortly after terminating Plaintiff's employment on November 5, 2004, Healthfirst terminated another Black employee, Mr. Rushing – Mr. Lima's supervisor.  In terminating Mr. Rushing, Mr. Hauben partly justified Mr. Rushing's termination (in writing) by noting that Mr. Rushing had communicated with Plaintiff concerning Plaintiff's discharge allegations, after Plaintiff was fired.  Upon information and belief, Mr. Rushing's duties were assumed by a Hispanic employee.

41.     On December 29, 2004, Plaintiff timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging race discrimination and retaliation against Defendants in violation of Title VII.  The Charge was filed within 300 calendar days of the date on which the last discriminatory act alleged therein occurred, and was assigned Charge No. 160-2005-00556.

42.     In responding to the Charge of Discrimination, and in a letter from Defendants dated February 10, 2005, Defendants admitted that there was no written memoranda memorializing the alleged misconduct Plaintiff supposedly engaged in or supporting Plaintiff's discharge.  In the same letter, Defendants also stated that, after Plaintiff's discharge, they had now investigated Plaintiff's discrimination claims and had terminated Mr. Lima  for "unprofessional behavior" and that he had "serious management problems", and that many Healthfirst employees "suffered under his generally hostile, rude and uncompromising management style".

43.     In other written correspondence received by the EEOC, Defendants also claimed

to the EEOC that they had terminated Mr. Lima in January 2005 because of misconduct – more

than two months after concluding that his behavior warranted termination for such misconduct.

44.     Upon information and belief, Defendants' communications to the EEOC were

false and misleading insofar as Defendants actually rehired, refused to fire and/or reinstated Mr.

Lima in February 2005, even though he had engaged in misconduct as found by the EEOC and

Healthfirst.

45.     Nevertheless, and even though Plaintiff complained about discrimination to

Defendants and filed an EEOC Charge against Defendants notifying and reporting Mr. Lima's

improper conduct and discrimination against him, Defendants did not rehire and/or reinstate

Plaintiff.

46.     In a Determination dated March 30, 2006, and after conducting an investigation

into Defendants' discrimination, the EEOC found reasonable cause to believe that Healthfirst

had discriminated against Plaintiff and a "class of similarly situated individuals" because of their

race, and that Healthfirst did not rehire Plaintiff, even though it did not fire, and/or reinstated

and/or rehired Mr. Lima, in retaliation for Plaintiff's filing of an EEOC Charge and in retaliation

for Plaintiff's internal complaints of discrimination.

47.     In particular, the EEOC concluded

"[b]ased on the documentary evidence reviewed and interviews conducted  ... the
Commission has determined there is reasonable cause to believe that [Mr.
Washington (Plaintiff)] and a class of similarly situated individuals were treated
differently in regards to the terms and conditions of their employment because of
their race."  "[T]here [also] is documentary evidence that shows in February 2004
at least six other employees informed [Healthfirst] that [Mr. Washington's
(Plaintiff's)] supervisor [Henry Lima] treated non-Hispanic drivers differently
because of their … race.  Yet, it appears no corrective action was taken... ."  In
addition, "[Healthfirst]  … rehired Mr.  Lima ... even though it had terminated
him just four weeks prior [and] ... [Healthfirst] had evidence that [Mr. Lima] had

treated employees differently based on their race. However, [Mr. Washington (Plaintiff)] was not rehired by [Healthfirst].  Therefore the Commission has determined there is also reasonable cause to believe [Healthfirst] did not rehire [Mr. Washington] because he complained about discrimination internally and because he filed a Charge with the Commission in violation of Title VII."

48.    A copy of the EEOC'S March 30, 2006 Determination is attached to this Complaint.

49.    Upon information and belief, Defendants later falsely claimed to the EEOC, for a second time, that they had terminated Mr. Lima.  Accordingly, and upon information and belief, Healthfirst repeatedly falsely claimed to the EEOC that they had fired Mr. Lima in an effort to suggest that they had taken steps to address Mr. Lima's improper conduct.

50.    Defendants knew or should have known of the discrimination and failed to take adequate measures to prevent or stop it, and Defendants showed reckless disregard for and were maliciously indifferent to Plaintiff's statutorily and other legally protected rights against race and color discrimination.

51.    Defendants willfully discriminated and retaliated against the Plaintiff on account of his race and color in violation of Title VII, Section 1981, the NYS Human Rights Law and the New York City Human Rights Law with respect to Defendants' creation of and maintaining a hostile work environment for, decision to discharge, decision to retaliate against, ultimate discharge of, and decision to refuse to rehire and/or reinstate and further retaliate against, the Plaintiff for both filing an EEOC Charge and raising internally claims of discrimination against Healthfirst.

52.    Defendants' and their agents' conduct as described above was wilful, malicious, and/or evinced a wanton and reckless and callous disregard for Plaintiff's statutorily and other legally protected rights.

53.    As a direct and proximate result of the Defendants' and their agents' unlawful and discriminatory employment policies and practices, the Plaintiff has suffered a loss of income, including past and future salary, back pay, front pay, other company-sponsored benefits, and other economic losses.

54.    As a direct and proximate result of the Defendants' and their agents' unlawful and discriminatory employment policies and practices, the Plaintiff has suffered severe mental and emotional harm, humiliation, embarrassment, and other non-pecuniary losses.

### PLAINTIFF'S SATISFACTION OF ADMINISTRATIVE REQUIREMENTS

55.    After filing an EEOC charge in a timely manner, Plaintiff received a Notice of Right to Sue letter, for the Defendants named herein, dated July 24, 2006, from the EEOC, a copy of which is attached hereto.

56.    In conformance with Title VII statutory requirements, Plaintiff has filed this Complaint within 90 days after he received the Notice of Right to Sue letter from the EEOC.

57.    In accordance with the New York City Administrative Code, Plaintiff also served a copy of this Complaint on the New York City Corporation Counsel and the New York City Commission On Human Rights prior to the commencement of this action.

### AS AND FOR PLAINTIFF'S FIRST CLAIM FOR RELIEF UNDER TITLE VII AGAINST DEFENDANTS FOR UNLAWFUL DISCRIMINATION AND TERMINATION

58.    Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

59.    By and through their course of conduct as alleged above, Defendants and their agents willfully violated Title VII, 42 U.S.C. §§ 2000e *et seq.,* by harassing Plaintiff, denying him equal terms, conditions and opportunities of employment, and terminating Plaintiff based on his race and color.

11

60.     Defendants acted with malice and/or reckless indifference to Plaintiff's statutorily protected rights.

61.     As a consequence thereof, Plaintiff has been caused to suffer and continues to suffer injuries and damages in amounts to be determined at trial.

**AS AND FOR PLAINTIFF'S SECOND CLAIM FOR RELIEF UNDER
TITLE VII AGAINST THE DEFENDANTS FOR HOSTILE WORK ENVIRONMENT**

62.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

63.     By and through their course of conduct as alleged above, the Defendants and their agents willfully violated Title VII, 42 U.S.C. §§ 2000e *et seq.*, by subjecting Plaintiff to a hostile work environment by materially altering, in a severe and pervasive manner, the terms, conditions and opportunities of his employment based on his race and color.

64.     Defendants acted with malice and/or reckless indifference to Plaintiff's statutorily protected rights.

65.     As a consequence thereof, Plaintiff has been caused to suffer and continues to suffer injuries and damages in amounts to be determined at trial.

**AS AND FOR PLAINTIFF'S THIRD CLAIM FOR RELIEF UNDER
TITLE VII AGAINST DEFENDANTS FOR UNLAWFUL RETALIATION**

66.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

67.     By and through their course of conduct as alleged above, Defendants' and their agents willfully violated Title VII, 42 U.S.C. §§ 2000e *et seq.*, by terminating the Plaintiff in retaliation because he opposed being denied equal terms, conditions and opportunities of employment based on his race and color and because he opposed unlawful discrimination.

68.     Defendants acted with malice and/or reckless indifference to Plaintiff's statutorily protected rights.

69.    As a consequence thereof, Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

**AS AND FOR PLAINTIFF'S FOURTH CLAIM FOR RELIEF UNDER
TITLE VII AGAINST DEFENDANTS FOR UNLAWFUL RETALIATION**

70.    Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

71.    By and through their course of conduct as alleged above, Defendants' and their agents willfully violated Title VII, 42 U.S.C. §§ 2000e *et seq.*, by denying him equal terms, conditions and opportunities of employment based on his race and color and because he opposed unlawful race discrimination; and Defendants further retaliated against Plaintiff by refusing to rehire and/or reinstate Plaintiff after he filed an EEOC Charge alleging discrimination against Defendants, despite Defendants decision to rehire and/or reinstate Mr. Lima.

72.    Defendants acted with malice and/or reckless indifference to Plaintiff's statutorily protected rights.

73.    As a consequence thereof, Plaintiff has been caused to suffer and continues to suffer injuries and damages in amounts to be determined at trial.

**AS AND FOR PLAINTIFF'S FIFTH CLAIM FOR
RELIEF UNDER SECTION 1981 AGAINST THE
DEFENDANTS FOR UNLAWFUL DISCRIMINATION AND TERMINATION**

74.    Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

75.    By and through their course of conduct as alleged above, Defendants and their agents willfully violated Section 1981, 42 U.S.C. § 1981, by harassing Plaintiff, denying him equal terms, conditions, and opportunities of employment, and terminating Plaintiff based on his race.

76.    Defendants acted with malice and/or reckless indifference to Plaintiff's statutorily protected rights.

77.   As a consequence thereof, Plaintiff has been caused to suffer and continues to suffer injuries and damages in amounts to be determined at trial.

**AS AND FOR PLAINTIFF'S SIXTH CLAIM FOR RELIEF UNDER
SECTION 1981 AGAINST DEFENDANTS FOR HOSTILE WORK ENVIRONMENT**

78.   Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

79.   By and through their course of conduct as alleged above, Defendants and their agents willfully violated Section 1981, 42 U.S.C. § 1981, by subjecting Plaintiff to a hostile work environment by materially, and in a severe and pervasive manner, altering the terms, conditions and opportunities of his employment based on his race.

80.   Defendants acted with malice and/or reckless indifference to Plaintiff's statutorily protected rights.

81.   As a consequence thereof, Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

**AS AND FOR PLAINTIFF'S SEVENTH CLAIM FOR RELIEF UNDER SECTION
1981 AGAINST DEFENDANTS FOR UNLAWFUL RETALIATORY DISCHARGE**

82.   Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

83.   By and through their course of conduct as alleged above, Defendants and their agents willfully violated Section 1981, 42 U.S.C. § 1981, by terminating the Plaintiff in retaliation because he opposed being denied equal terms, conditions and opportunities of employment based on his race and because he opposed unlawful discrimination.

84.   Defendants acted with malice and/or reckless indifference to Plaintiff's statutorily protected rights.

85.   As a consequence thereof, Plaintiff has been caused to suffer and continues to suffer injuries and damages in amounts to be determined at trial.

## AS AND FOR PLAINTIFF'S EIGHTH CLAIM FOR RELIEF UNDER SECTION 1981 AGAINST DEFENDANTS FOR UNLAWFUL RETALIATORY REFUSAL TO REHIRE OR REINSTATE PLAINTIFFN

86.   Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

87.   By and through their course of conduct as alleged above, Defendants and their agents willfully violated Section 1981, 42 U.S.C. § 1981, by terminating the Plaintiff in retaliation because he opposed being denied equal terms, conditions and opportunities of employment based on his race and because he opposed unlawful discrimination; and Defendants further retaliated against Plaintiff by refusing to rehire and/or reinstate Plaintiff after he filed an EEOC Charge alleging discrimination against Defendants, despite Defendants decision to rehire and/or reinstate Mr. Lima.

88.   Defendants acted with malice and/or reckless indifference to Plaintiff's statutorily protected rights.

89.   As a consequence thereof, Plaintiff has been caused to suffer and continues to suffer injuries and damages in amounts to be determined at trial.

## AS AND FOR PLAINTIFF'S NINTH CLAIM FOR RELIEF UNDER THE NYS HUMAN RIGHTS LAW AGAINST DEFENDANTS FOR UNLAWFUL DISCRIMINATION AND TERMINATION

90.   Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

91.   By and through their course of conduct as alleged above, Defendants and their agents willfully violated the NYS Human Rights Law, Executive Law §§ 290 *et seq.*, by harassing Plaintiff, denying him equal terms, conditions and opportunities of employment, and terminating Plaintiff based on his race and color.

92.   Defendants acted with malice and/or reckless indifference to Plaintiff's statutorily protected rights.

93.    As a consequence thereof, Plaintiff has been caused to suffer and continues to suffer injuries and damages in amounts to be determined at trial.

**AS AND FOR PLAINTIFF'S TENTH CLAIM FOR RELIEF
UNDER THE NYS HUMAN RIGHTS LAW
AGAINST DEFENDANTS FOR HOSTILE WORK ENVIRONMENT**

94.    Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

95.    By and through their course of conduct as alleged above, Defendants and their agents willfully violated the NYS Human Rights Law, Executive Law §§ 290 *et.seq.*, by subjecting Plaintiff to a hostile work environment by materially, and in a severe and pervasive manner, altering the terms, conditions and opportunities of his employment based on his race and color.

96.    Defendants acted with malice and/or reckless indifference to Plaintiff's statutorily protected rights.

97.    As a consequence thereof, Plaintiff has been caused to suffer and continues to suffer injuries and damages in amounts to be determined at trial.

**AS AND FOR PLAINTIFF'S ELEVENTH CLAIM FOR RELIEF
UNDER THE NYS HUMAN RIGHTS LAW
AGAINST DEFENDANTS FOR UNLAWFUL RETALIATORY DISCHARGE**

98.    Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

99.    By and through their course of conduct as alleged above, Defendants and their agents willfully violated the NYS Human Rights Law, Executive Law §§ 290 *et.seq.*, by terminating Plaintiff in retaliation because he opposed being denied equal terms, conditions and opportunities of employment based on his race and color and because he opposed unlawful discrimination.

100.  Defendants acted with malice and/or reckless indifference to Plaintiff's statutorily protected rights.

101.  As a consequence thereof, Plaintiff has been caused to suffer and continues to suffer injuries and damages in amounts to be determined at trial.

**AS AND FOR PLAINTIFF'S TWELFTH CLAIM FOR RELIEF UNDER**
**THE NYS HUMAN RIGHTS LAW AGAINST DEFENDANTS FOR UNLAWFUL**
**RETALIATORY REFUSAL TO REHIRE OR REINSTATE PLAINTIFF**

102.  Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

103.  By and through their course of conduct as alleged above, Defendants and their agents willfully violated the New York State Human Rights Law, Executive Law §§ 290 *et.seq.*, by terminating the Plaintiff in retaliation because he opposed being denied equal terms, conditions and opportunities of employment based on his race and color and because he opposed unlawful discrimination; and Defendants further retaliated against Plaintiff by refusing to rehire and/or reinstate Plaintiff after he filed an EEOC Charge alleging discrimination against Defendants, and despite Defendants decision to rehire and/or reinstate Mr. Lima.

104.  Defendants acted with malice and/or reckless indifference to Plaintiff's statutorily protected rights.

105.  As a consequence thereof, Plaintiff has been caused to suffer and continues to suffer injuries and damages in amounts to be determined at trial.

**AS AND FOR PLAINTIFF'S THIRTEENTH CLAIM FOR RELIEF UNDER**
**THE NEW YORK CITY HUMAN RIGHTS LAW AGAINST**
**DEFENDANTS FOR UNLAWFUL DISCRIMINATION AND TERMINATION**

106.  Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

107.  By and through their course of conduct as alleged above, Defendants and their agents willfully violated the New York City Human Rights Law, the Administrative Code of the

City of New York §§ 8-107 *et seq.*,  by harassing Plaintiff, denying him equal terms, conditions and opportunities of employment, and terminating Plaintiff based on his race and color.

108.  Defendants acted with malice and/or reckless indifference to Plaintiff's statutorily protected rights.

109.  As a consequence thereof, Plaintiff has been caused to suffer and continues to suffer injuries and damages in amounts to be determined at trial.

**AS AND FOR PLAINTIFF'S FOURTEENTH CLAIM FOR RELIEF
UNDER THE NEW YORK CITY HUMAN RIGHTS LAW
AGAINST DEFENDANTS FOR HOSTILE WORK ENVIRONMENT**

110.  Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

111.  By and through their course of conduct as alleged above, Defendants and their agents willfully violated the New York City Human Rights Law, the Administrative Code of the City of New York §§ 8-107 *et seq.*, by subjecting Plaintiff to a hostile work environment by materially, and in a severe and pervasive manner, altering the terms, conditions and opportunities of his employment based on his race and color.

112.  Defendants acted with malice and/or reckless indifference to Plaintiff's statutorily protected rights.

113.  As a consequence thereof, Plaintiff has been caused to suffer and continues to suffer injuries and damages in amounts to be determined at trial.

**AS AND FOR PLAINTIFF'S FIFTEENTH CLAIM FOR RELIEF
UNDER THE NEW YORK CITY HUMAN RIGHTS LAW
AGAINST DEFENDANTS FOR UNLAWFUL RETALIATORY DISCHARGE**

114.  Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

115.  By and through their course of conduct as alleged above, Defendants and their agents willfully violated the New York City Human Rights Law, the Administrative Code of the

City of New York §§ 8-107 *et seq.*, by terminating Plaintiff in retaliation because he opposed being denied equal terms, conditions and opportunities of employment based on his race and color and because he opposed unlawful discrimination.

116.  Defendants acted with malice and/or reckless indifference to Plaintiff's statutorily protected rights.

117.  As a consequence thereof, Plaintiff has been caused to suffer and continues to suffer injuries and damages in amounts to be determined at trial.

**AS AND FOR PLAINTIFF'S SIXTEENTH CLAIM FOR RELIEF UNDER THE NEW YORK CITY HUMAN RIGHTS LAW AGAINST DEFENDANTS FOR UNLAWFUL RETALIATORY REFUSAL TO REHIRE OR REINSTATE PLAINTIFF**

118.  Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

119.  By and through their course of conduct as alleged above, Defendants and their agents willfully violated the New York City Human Rights Law, the Administrative Code of the City of New York §§ 8-107 *et seq.*, by terminating the Plaintiff in retaliation because he opposed being denied equal terms, conditions and opportunities of employment based on his race and color and because he opposed unlawful discrimination; and Defendants further retaliated against Plaintiff by refusing to rehire and/or reinstate Plaintiff after he filed an EEOC Charge alleging discrimination against Defendants, and despite Defendants decision to rehire and/or reinstate Mr. Lima.

120.  Defendants acted with malice and/or reckless indifference to Plaintiff's statutorily protected rights.

121.  As a consequence thereof, Plaintiff has been caused to suffer and continues to suffer injuries and damages in amounts to be determined at trial.

## DEMAND FOR A TRIAL BY JURY

43.     Plaintiff respectfully requests that his claims be heard by a jury of peers pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, and as otherwise allowed pursuant to applicable laws.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff respectfully prays that this Court enter a judgment:

(a)     declaring that the acts and practices complained of herein are in violation of Title VII, Section 1981, the NYS Human Rights Law, and the New York City Human Rights Law;

(b)     enjoining and permanently restraining these violations of Title VII, Section 1981, the NYS Human Rights Law, and the New York City Human Rights Law;

(c)     directing Defendants to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Plaintiff's employment opportunities;

(d)     directing Defendants to reinstate Plaintiff to the position he would have occupied but for Defendants' unlawful conduct and making him whole for all earnings he would have received but for Defendants' unlawful conduct, including, without limitation, awarding Plaintiff against Defendants such damages including but not limited to lost back pay, front pay, pension benefits, bonuses, overtime pay, other economic losses, and lost benefits, all in an amount to be determined at trial;

(e)     directing the Defendants to pay punitive, liquidated, and compensatory damages including, but not limited to, damages for pain and suffering, anxiety, humiliation, emotional and physical distress in order to compensate Plaintiff for the injuries he has suffered and to further

signal to other employers that discrimination in employment is repulsive to legislative

enactments and will not be tolerated, all in amounts to be determined at trial;

      (f)     awarding Plaintiff the costs of this action, together with reasonable attorney's and

expert's fees and costs;

      (g)     awarding Plaintiff such interest as is allowed by law;

      (h)     awarding Plaintiff damages to compensate for any adverse tax consequences; and

      (i)     awarding Plaintiff such other and further relief as the Court deems just and

proper.

Dated: October 18, 2006
      New York, New York

                  Respectfully submitted,

                  LAW OFFICES OF DANIEL S.  BRAVERMAN


                  _____
      By:     S/ Daniel S. Braverman (DB-9423)
             225 Broadway, Suite 1901
             New York, New York 10007
             (212) 233-2910